


**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 8, 2010** **United States Bankruptcy Judge**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| TOMMY DON ROACH, | § | CASE NO. 09-50476-RLJ-7 |
| | § | |
| | § | |
| DEBTOR | § | |

**MEMORANDUM OPINION AND ORDER**

On December 16, 2009, the Court held a hearing on the motion of Angela Roach requesting relief from the automatic stay to allow her to proceed in state court against Tommy Roach, the debtor and her former husband, on an action there that seeks enforcement of the terms of a prior divorce decree. At the December 16 hearing, the parties, through counsel, told the Court that, with one exception, they had reached a settlement of the matters raised by the enforcement action. The one exception concerns Angela Roach's request that Tommy Roach be directed to return a 2004 Suburban to her. The 2004 Suburban was awarded to Angela Roach in

the original divorce decree issued on June 30, 2008, by the 237th District Court of Lubbock County, Texas (the "State District Court"). Exhibit 1. Tommy Roach and Angela Roach were each required to pay half the car payment on the Suburban. *Id.*

The original divorce decree was amended by the State District Court on December 16, 2008, purportedly as an "agreed order," providing that since Angela Roach had failed to make her half of the car payments, she relinquished her rights to the Suburban and it was then awarded to Tommy Roach. Exhibit 2.

This bankruptcy case was filed on October 12, 2009. Tommy Roach has listed the Suburban as an asset of the bankruptcy estate and claims it as exempt property. Angela Roach has objected to the exemption claim, contending that the State District Court was "without jurisdiction . . ." to modify the original divorce decree, that the December 16, 2008, order is void, and that the Suburban belongs to Angela Roach. If she is the owner, Tommy Roach's exemption claim is invalid, she contends. By the stay motion, Angela Roach requests that the stay be lifted to allow her to proceed in the State District Court to, presumably, set aside the December 16, 2008, agreed order. Tommy Roach contends that the Suburban is estate property, properly claimed as exempt, and thus not "subject to 'return'."

At the hearing on this matter, Angela Roach did not provide any evidence or a substantive legal argument to support her conclusory allegation that the State District Court did not have jurisdiction to enter the December 16, 2008, agreed order. On the other hand, the chapter 7 trustee, Myrtle McDonald, makes no claim to the Suburban; she did not object to Tommy Roach's exemption claim. This dispute does not, therefore, impact the bankruptcy estate. If Angela Roach's claim is correct, the Suburban apparently belongs to her; if Tommy Roach is

correct (i.e., the State District Court did have jurisdiction), the Suburban belongs to him and the exemption claim is valid. In either case, the Suburban is not available to be administered by the trustee for the benefit of creditors of the estate.

In addition, it is not appropriate for this Court to review whether the State District Court had jurisdiction to issue a pre-bankruptcy order when, presumably, both the issue of jurisdiction and the underlying property and marital law questions considered by the State District Court are governed by state law. These are matters best addressed by the State District Court.

In accordance with the foregoing, it is hereby

ORDERED that the automatic stay is lifted to allow the State District Court to determine if it had jurisdiction to enter the December 16, 2008, agreed order; it is further

ORDERED that hearing on the objection to exemptions is set on this Court's docket of March 24, 2010, at 1:30 P.M., at which time the Court will determine whether it is appropriate to proceed with a hearing on the objection.

### END OF ORDER ###